## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SINGAPORE MINISTRY OF HEALTH,<br><br>  Plaintiff,<br><br>v.<br><br>MIKHY K. FARRERA-BROCHEZ, a/k/a MIKHY A. BROCK, a/k/a MIKHY FARRERABROCHEZ, a/k/a MIKHY FARRERA BROCHEZ, a/k/a BROCHEZ MIKHY FERRARA, a/k/a FERRARA MIKHY, a/k/a MIKHY BROCH, a/k/a/ MIKHY K FARRERABROCHE, a/k/a BROCHE MIKHY FERRARA, a/k/a FERRARABROCHEZ MIKHY, a/k/a MIKHY BROCHEZ FARRERA, a/k/a MIKHY K BROCHE,<br><br>  Defendant. | CASE NUMBER: _____ |

## **VERIFIED COMPLAINT**

The Singapore Ministry of Health ("MOH") states the following in support of this action seeking relief pursuant to Federal Rule of Civil Procedure 65 and other applicable law, and asserts a claim against Defendant Mikhy K. Farrera-Brochez ("Brochez") for invasion of privacy.

### **PARTIES**

1. MOH is part of the Government of Singapore.

2. Brochez is a United States citizen and, upon information and belief, his last known address is in Winchester, Kentucky.

1

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). This action is between a citizen of the United States and a foreign agency, and the matter in controversy exceeds, exclusive of interest and costs, the amount of $75,000.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3).

5.  This Court has personal jurisdiction over Brochez because, among other things, Brochez was last known to be residing in Winchester, Kentucky, is purposefully availing himself to this jurisdiction, is evading international law enforcement authorities, and has indicated that he is prepared to release confidential information in violation of Singapore and Kentucky law.

## FACTS

### A. Purposes of HIV Registry

6.  MOH maintains a national Human Immunodeficiency Virus ("HIV") Registry containing confidential information of persons diagnosed with HIV in Singapore. MOH maintains the HIV Registry to monitor the HIV infection situation, conduct contact tracing, and assess disease prevention and management measures.

### B. Protection and Security of HIV Registry

7.  In 2012 and 2013, MOH had security safeguards in place to protect the information contained in the HIV Registry. These security measures were in accordance with the prevailing government policies on classified information and IT security.

8.  Officers of MOH were briefed on the policies, systems, and processes, and were regularly reminded of the sensitivity of the information. Access to the information in the HIV Registry was strictly restricted to a limited number of officers. All officers also signed an undertaking to observe confidentiality obligations under Singapore's Official Secrets Act ("OSA").

9. Since 2012, MOH has taken additional security measures to ensure data security, including migrating the HIV Registry database to a network-based system (i.e. staff would call up records they require from the network-based system, rather than download a database file stored on a network drive to do their work). This migration also allowed for an enhanced audit trail of access to the HIV Registry.

10. In 2014, MOH incorporated alerts of multiple failed login attempts into the system.

11. In 2016, MOH implemented additional enhancements to the security policies to strengthen protection of the HIV Registry, including elevating approval authority for downloading and decrypting HIV Registry data, implementing a two-person approval process to download and decrypt Registry data, and designating a specific workstation for processing of sensitive data from the HIV Registry.

12. All of these efforts were intended to keep the HIV Registry data confidential and private, with only limited availability for a select group of individuals consistent with the established data security and privacy considerations.

      **C.**      **Background Information Leading to Brochez Unlawfully Obtaining Information Maintained by MOH, Including Information on the HIV Registry**

13. Brochez is a United States citizen who is believed to have resided in Singapore between January 2008 and June 2016.

14. Brochez is last known to be physically located in Winchester, Kentucky, where he is facing a charge for criminal trespass.

15. Brochez's partner at the time of the events described below, Ler Teck Siang ("Ler"), is a male Singaporean doctor.

16. As the Head of MOH's National Public Health Unit ("NPHU") from March 2012 to May 2013, Ler had authority to access confidential information relating to the HIV patients maintained on the HIV Registry.

17. Ler resigned as a public health officer in January 2014.

18. Ler was charged in Singapore courts in June 2016 for offenses under the Penal Code and the OSA.

19. Specifically, Ler was charged under the OSA for failing to take reasonable care of confidential information regarding HIV-positive patients on the HIV Registry. This matter is still pending before the Singapore courts.

20. Brochez is believed to have obtained the confidential information as a result of the mishandling of the confidential information by Ler, who is suspected of not having complied with the policies and guidelines on the handling of confidential information maintained on the HIV Registry. When Brochez's premises were searched by the police in May 2016, numerous computers and electronic storage devices containing files with confidential information from the HIV Registry, files related to hospital services and to other infectious diseases, as well as other information likely used by Ler for his work such as emails, HIV studies and reports were recovered (collectively, the "Confidential Information").

21. Brochez was previously sentenced to 28 months' imprisonment in Singapore for numerous fraud and drug-related offenses in March 2017.

22. The fraud charges related to Brochez's conduct in lying about his HIV status to the Singapore Ministry of Manpower in order to obtain and maintain his employment pass, furnishing false information to a police officer during a criminal investigation, and using a forged degree certificate in a job application.

23. Upon completing his prison sentence, Brochez was deported from Singapore in April 2018.

24. Brochez was also previously investigated for violations of the OSA. The Attorney-General's Chambers ("AGC") ultimately did not charge Brochez under the OSA after determining that the sentence for such an offense would likely be limited to a fine or, at most, a few weeks in jail given that there had not, at that point in time, been a wide dissemination of confidential information. At the time the AGC decided not to charge Brochez under the OSA, while there could be no guarantee, there was good reason to believe that the information had been secured and the risk of future exposure significantly mitigated.

25. At the time, Brochez was already facing numerous fraud and drug-related charges, which carried far heavier penalties.

26. Thus, the AGC issued a stern warning to Brochez for the OSA offense.

27. Ler was convicted in September 2018 of abetting Brochez to commit cheating, and also of providing false information to the police and MOH. He was sentenced to 24 months' imprisonment. He has appealed his conviction and sentence, and his appeal is scheduled to be heard in March 2019.

        **D.**     **Events Leading to Exigent Risk of Further Disclosure of Confidential Information by Brochez**

28. On January 24, 2019, MOH ascertained that Brochez had unlawful possession of Confidential Information regarding approximately 14,200 individuals diagnosed with HIV and approximately 2,400 of their contacts, all of which was maintained on the HIV Registry, and that he had illegally disclosed this information online.

5

29.     MOH believes based on information it has received that Brochez sent this unlawfully obtained Confidential Information from the HIV Registry to a U.S. government agency and the media.

30.     This unlawfully obtained information includes Confidential Information of approximately 5,400 Singaporeans (citizens and permanent residents) diagnosed with HIV up to January 2013, and approximately 8,800 foreigners, including 52 United States citizens, diagnosed with HIV and notified to MOH up to December 2011.

31.     The disclosed information includes their name, unique identification number, contact details (phone number and address), HIV test results and related medical information.

32.     MOH issued press releases on January 28, 2019, and February 13, 2019, detailing the events involving Brochez and his partner, Ler.  *See* **Exhibit A** to Verified Complaint.

33.     Additionally, the Minister for Health delivered a statement in the Singapore Parliament on February 12, 2019, in relation to these events.  *See* **Exhibit B** to Verified Complaint.

34.     MOH has been working with the relevant parties to disable access to the Confidential Information disclosed online.  However, while access to the Confidential Information disclosed online has been disabled, it is still in Brochez's possession, and he could still publicly disclose it.

35.     On February 13, 2019, MOH discovered that Brochez had made a post on his Facebook page making false allegations against the Singapore Government.  *See* **Exhibit C** to Verified Complaint.

36.     Specifically, Brochez included the following false allegations in his Facebook post, attached to this Verified Complaint as Exhibit C:  (1) the Singapore government tried to

6

cover up the data breach referenced above; (2) the Singapore government arrested Brochez on false charges; and (3) that prosecutors had interfered with his medical treatment while he was in prison.

37.   MOH has also been advised of other articles discussing the events involving Brochez and his partner, Ler.  Specifically, a writer of Vice News has purportedly spoken with Brochez and indicated that Brochez "insisted that he shared the [HIV] registry which he said he's possessed for more than six years — with Singaporean and U.S. government officials, as well as with the press, because he wanted to prove that the sensitive, potentially stigmatizing information it contains had already been exposed."  The article also states that Brochez asked the reporter, "Will it hurt your story if I make some of the data public?"  This is strong evidence that Brochez intends to publish the confidential information obtained from the HIV Registry and will likely do so unless restrained. A copy of this article is attached as **Exhibit D**, and is available at https://news.vice.com/en_us/article/43za3d/this-kentucky-man-has-a-stolen-database-of-hiv-positive-people-in-singapore-hes-not-afraid-to-use-it (last accessed February 13, 2019).

38.   Brochez also gave an interview to the Straits Times on January 31, 2019 related to his possession of Confidential Information unlawfully obtained from MOH.  *See* **Exhibit E** to Verified Complaint.

39.   By Brochez's own admission, in his Facebook post and his interviews with the media, he continues to be in possession of Confidential Information obtained from MOH.

40.   Brochez is in possession of Confidential Information from MOH, which he has no authority to retain.

41.   Brochez's public statements to the media indicate his propensity to share the unlawfully obtained Confidential Information without authority or consent from MOH.

42. Brochez's disclosure of the unlawfully obtained Confidential Information, including confidential information from the HIV Registry, will cause irreparable damage to the individuals identified on the HIV Registry, including the possibility that individuals could lose their jobs or insurance coverage, or worse still, subject themselves to self-harm, as well as the reputational damage and emotional distress that may occur should the Confidential Information be disclosed.

43. Brochez's disclosure of Confidential Information could cause impacted individuals a loss of medical confidentiality, emotional distress, as well as reputational damage or possible complications with insurance coverage.

44. Brochez's possession and disclosure of this Confidential Information violates Section 5 of the OSA.

45. Specifically, Brochez has unlawfully obtained Confidential Information in contravention of the OSA in violation of Section 5(1)(c) of the OSA, and Brochez has communicated this Confidential Information to a person or persons to whom he was not authorized to communicate the Confidential Information, and has conducted himself in a manner that endangers the secrecy of the Confidential Information in violation of Section 5(1)(i) and 5(1)(iv).

46. Brochez has engaged in conduct in violation of Sections 3 and 8A of Singapore's Computer Misuse Act ("CMA").

47. Specifically, Brochez knowingly caused a computer to perform a function to access, without authority, data held on said computer.

48. Further, Brochez knew that personal information was obtained in contravention of the CMA, and Brochez has obtained and retained that personal information, and has also has

intimated his intention to make available the personal information – specifically, the Confidential Information unlawfully obtained from the MOH.

49. Brochez's violation of the CMA will cause or create a significant risk of serious harm in Singapore, including illness, injury, or other self-harm to individuals in Singapore.

50. Brochez's unlawful obtainment and disclosure of Confidential Information has caused and will continue to cause significant mental distress to those individuals impacted, and there is a significant risk of psychological injury to impacted individuals, and possibly self-harm, if Brochez is not prevented from future disclosures of Confidential Information.

51. Brochez is in possession of information recognized as private under Kentucky law, as demonstrated by the public policy embodied in KRS 214.181, which in part establishes an HIV database maintained by the Kentucky Cabinet for Health and Family Services and mandates strict confidentiality for the records it protects and strict provisions against unauthorized access to such records.

52. Brochez's actions and/or intended actions constitute an invasion of privacy in violation of Kentucky law.

53. Specifically, Brochez has engaged in unreasonable intrusion upon the seclusion of another, and Brochez has given unreasonable publicity to another's private life.

54. The Confidential Information obtained by Brochez was intended to be kept private by both MOH and the individuals impacted.

55. Brochez's unlawful possession and intended disclosure of the Confidential Information is highly offensive to a reasonable person.

56. The publication or disclosure of the Confidential Information is not privileged under Kentucky law.

57.     The further possession, publication or disclosure of the Confidential Information will cause mental distress to persons impacted by the unlawfully obtained Confidential Information and disclosure of Confidential Information, as well as harm to the interest of their privacy from the invasion by Brochez.

## PRAYER FOR RELIEF

Based on the above allegations, MOH seeks to obtain the following relief:

(a) an injunction prohibiting Brochez from making any further disclosure of the Confidential Information obtained from MOH (including confidential information concerning HIV patients);

(b) an injunction prohibiting Brochez from making any further posts and references, including on all social media platforms, to the presence or existence of the Confidential Information, or any alleged data leak in relation to the Confidential Information;

(c) an injunction requiring Brochez to deliver up to MOH or such other authorized agent of MOH, all copies of such Confidential Information in his possession or control (whether in electronic form or otherwise);

(d) an injunction requiring Brochez to provide MOH or such other authorized agent of MOH with the names and contact information of any person or entity to whom he had disclosed some or all of the Confidential Information obtained from MOH (including confidential information concerning the HIV patients);

(e) an injunction requiring the removal of all copies (whether full or partial) of the Confidential Information which Brochez may have saved or uploaded on any online website, platform, database etc., by Brochez;

(f) an injunction requiring Brochez to remove all online posts and references, including on all social media platforms, to the presence or existence of the Confidential Information, or any alleged data leak in relation to the Confidential Information; and,

(g) such other relief this Court deems just and equitable.

Dated: February 14, 2019

    Respectfully submitted,

STURGILL, TURNER, BARKER
& MOLONEY, PLLC

*/s/ Joshua M. Salsburey*_____
Joshua M. Salsburey
Bryan H. Beauman
Derrick T. Wright
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No: (859) 255-8581
Facsimile: (859) 231-0851
jsalsburey@sturgillturner.com
bbeauman@sturgillturner.com
dwright@sturgillturner.com

And

James C. Martin
(*pro hac vice motion forthcoming*)
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
Telephone No: (412) 288-3546
Facsimile: (412) 288-3063
JCMartin@reedsmith.com

COUNSEL FOR SINGAPORE MINISTRY OF HEALTH

11