UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SINGAPORE MINISTRY OF HEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-051-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIKHY K. FARRERA-BROCHEZ, | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Singapore Ministry of Health ("MOH") filed a motion for a temporary restraining order and preliminary injunction on February 14, 2019.[1] [Record No. 2] This Court granted the MOH's motion for a temporary restraining order on Tuesday, February 19, 2019. [Record No. 10]  A hearing was scheduled and held regarding the motion for a preliminary injunction on Friday, February 22, 2019.  [Record No. 18]  Defendant Mikhy K. Farrera-Brochez received notice of the hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure, but was not present, perhaps due to his arrest on a related criminal complaint. [Record Nos. 17, 18]  The undersigned extended and expanded the temporary restraining order for a period of fourteen days while considering whether a preliminary injunction should be entered.  [Record Nos. 19, 20]  For the reasons set forth below, the Court is convinced that a preliminary injunction is necessary.  Therefore, the Court will enjoin Farrera-Brochez and any agent, representative, companion, friend, or acquaintance from disseminating any confidential,

---

[1] A temporary restraining order may be issued without notice to the adverse party and is limited in duration.  Fed. R. Civ. P. 65.

sensitive, or private information obtained from the Government of Singapore, or any agency of the Government of Singapore.

## I.

The MOH filed this action on February 14, 2019, asserting that Farrera-Brochez unlawfully obtained information maintained by the MOH, including information on a national Human Immunodeficiency Virus Registry ("HIV Registry" or "the registry"). [Record No. 1] The HIV Registry contains confidential information including individuals' names, unique identification numbers, contact information such as phone numbers and addresses, HIV test results, and other related medical information. [*Id.*]

The MOH contends that while Farrera-Brochez was living and working in Singapore, he obtained confidential information from the HIV Registry. [*Id.*] Singapore "maintains the HIV Registry to monitor the HIV infection situation, conduct contact tracing, and assess disease prevention and management measures." [*Id.*] Farrera-Brochez's purported husband, Ler Teck Siang, is a Singaporean doctor who had authority to access confidential information relating to the HIV Registry from March 2012 to May 2013. [*Id.*] The MOH believes that Farrera-Brochez obtained the confidential information as a result of Siang mishandling it. [*Id.*]

The Court granted the MOH's motion for a temporary restraining order because the verified complaint demonstrated that disclosure of the information provided in the HIV Registry would cause irreparable injury to identified individuals. [Record No. 10] The MOH asserted that the individuals on the HIV registry would face irreparable injury because dissemination of the information could lead to their losing jobs and insurance coverage. Likewise, the MOH contends that the stigmatization associated with HIV in Singapore may lead to other harms as a result of being identified as being infected with HIV.

-2-

The MOH attached two news articles to its verified complaint, indicating that Farrera-Brochez is in continued possession of the HIV Registry.  [Record Nos. 1-4, 1-5]  Additionally, the author of one article states that Farrera-Brochez asked via text message: "[w]ill it hurt your story if I make some of the data public?"  [Record no. 1-4, p. 6]  The articles also indicate that Farrera-Brochez has forwarded confidential information found in the HIV Registry to a U.S. government agency and another media outlet.  [*Id.*]

Finally, the MOH notified the Court that Farrera-Brochez had disclosed additional confidential information from the Government of Singapore.  [Record No. 9]  It asserts that Farrera-Brochez disseminated a list of the National Registration Identification Numbers/Foreigner Identification Numbers of 13 HIV positive patients (including himself), who were scheduled for a medical check-up at Singapore's Changi Prison Complex on March 28, 2018 ("the prisons list").  [*Id.*]  The MOH contends that Farrera-Brochez disseminated the prisons list in an attachment to an e-mail sent to government authorities and multiple media sources.  [Record No. 9-1, p. 9]  The MOH argues that a preliminary injunction is necessary to prevent further dissemination of this confidential information

**II.**

A preliminary injunction is an extraordinary equitable measure.  The relief provided by an injunction is intended to preserve the status quo by maintaining the relative positions of the parties until a full trial on the merits can be held.  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  The Court considers the following factors in determining whether temporary injunctive relief is appropriate: (1) the likelihood of success on the merits; (2) whether an injunction will prevent the movant from suffering an irreparable injury; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest

would be served by the injunction.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *see also McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  These factors should "be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).  Additionally, there is no rigid formality in applying these factors and they do not need to be given equal weight.  They are simply meant to be a guide for the Court's exercise of discretion.  *See Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998) (citing *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992)).

The plaintiff bears the burden of proving that issuance of a preliminary injunction is proper.  *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than a trial on the merits."  *Univ. of Texas*, 451 U.S. at 395; *see also Certified Restoration*, 511 F.3d at 542 (internal quotation marks omitted).  Finally, the Court notes that the plaintiff is not required to prove its case in full to obtain injunctive relief.  However, the proof needed "is much more stringent than the proof required to survive a summary judgment motion."  *Leary*, 228 F.3d at 739.

### III.

Against the above backdrop, the Court turns to the question of whether it is proper to issue a preliminary injunction in the present case.

**A. MOH Has Demonstrated a Likelihood of Success on the Merits.**

The MOH asserts that Farrera-Brochez violated Singapore's Official Secrets Act ("OSA"), its Computer Misuse Act ("CMA"), and Kentucky law. However, this Court does not enforce the laws of Singapore. *Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 134 n. 43 (2d Cir. 2001) (stating "I deem it of the utmost importance to bear in mind that we are not here concerned with a suit by a foreign state to enforce its laws.") (internal citations omitted). Therefore, to obtain a preliminary injunction, the MOH must show that there is a strong likelihood of success on the Kentucky claim of invasion of privacy.

But even against this more limited analysis, the MOH is likely to succeed in showing Farrera-Brochez committed an invasion of privacy under Kentucky law. "The right of privacy is invaded by (a) unreasonable intrusion upon the seclusion of another…; or (b) appropriation of the other's name or likeness…; or (c) unreasonable publicity given to the other's private life…; or (d) publicity that unreasonably places the other in a false light before the public…" *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981) (citing Restatement (Second) of Torts, Sec. 652A (1976)). Because Farrera-Brochez has threatened to disclose confidential medical information about the HIV Registry to news outlets, it is likely that the MOH can show that if this information is released, it would give unreasonable publicity to another's private life. Additionally, Farrera-Brochez has shown that he is willing and capable of giving unreasonable publicity to another's private life because he has disclosed the prisons list to news outlets. The information on the prisons list involves confidential information about prisoners' private lives. And simply put, if this information is not recovered but further disseminated it will continue to give unreasonable publicity to the individuals'

private affairs.  Therefore, the first element of the balancing test weighs in favor of granting a preliminary injunction.

**B.  The MOH Has Demonstrated Irreparable Injury.**

The MOH asserts two types of irreparable injury.  It first contends that it will continue to be directly injured by the harm to its reputation for its failure to maintain the confidential information.  Second, the MOH argues that it will be indirectly injured because the citizens of Singapore who are identified through the registry will be irreparably harmed if this information is released publically.  To show an irreparable injury, "the harm alleged must be both certain and great, rather than speculative or theoretical." *State of Ohio ex rel. Celebrezze v. Nuclear Reg. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987).

**i.     Direct Injury**

The MOH demonstrates that it will likely suffer a direct irreparable injury if preliminary injunctive relief is not granted.  An injury to reputation is an irreparable injury because it is not fully compensable by money damages and it is difficult to calculate reputational harm.  *See United States v. Miami Univ.*, 294 F.3d 797, 819 (6th Cir. 2002).  When a defendant's activities cause harm to a plaintiff's reputation and goodwill, the potential damages constitute "the sort of injury that warrants the issuance of a preliminary injunction because actual loss is impossible to compute." *CompuServe Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015, 1027-28 (S.D. Ohio Feb. 3, 1997).  While these cases address reputation in a commercial context, their reasoning remains the same with governments because they rely on their reputation and good will with the citizens of their countries.

Here, the additional dissemination of the confidential information would harm the MOH's reputation because the citizens of Singapore may lose trust and may be unwilling to

provide necessary information to its governmental agencies prospectively. Therefore, the harm to the MOH's reputation is difficult to fully calculate and constitutes an irreparable injury. *See Miami Univ.*, 294 F.3d at 819.

Next, the direct harm alleged by the MOH is certain and substantial. The MOH has shown that Farrera-Brochez has confidential information concerning third parties and is likely to disseminate it if he is not enjoined. And if the information is further distributed, the MOH would likely suffer significant reputational harm. Conversely, enjoining Farrera-Brochez from distributing the subject information would lessen and/or prevent the likely damage. Therefore, the Court concludes that MOH has established direct harm that is likely certain and great if a preliminary injunction is not entered. *Phillips v. Tangilag*, 5:16-cv-00088-TBR, 2018 WL 2024627, at \*5 (W.D. Ky. May 1, 2018); *Certified Restoration*, 511 F.3d at 542; *see also McPherson*, 119 F.3d at 459.

### ii. Indirect Injury

Additionally, the MOH would likely suffer indirect injuries if a preliminary injunction is not granted. This is because of the very real harm to its citizens if the subject information is disseminated. Loss of privacy constitutes irreparable injury because it is difficult to calculate damages or fully compensate harmed individuals through money damages. *See Miami Univ.*, 294 F.3d at 819. "The privacy interest in information regarding one's HIV status is particularly strong because of the stigma, potential for harassment, and risk of much harm from non-consensual dissemination of the information." *Doe v. Magnusson*, No. 04-cv-130, 2005 WL 758454, at \*8 (D. Me. Mar. 21, 2005) (citing *Doe v. Southeastern Pa. Transp. Auth.*, 72 F.3d 1133, 1140 (3d Cir. 1995)). The indirect injury resulting from the loss of privacy in the present case is substantial. If the subject information in the HIV Registry is further disclosed, the

identified individuals would be subject to the potential loss of insurance and employment opportunities.  Such injuries, while presently uncertain, would be irreparable due to the lack of anonymity if identifying information is disseminated and further disclosed.

It is also likely that Farrera-Brochez will continue in his efforts to disseminate this information if a preliminary injunction is not entered.  The defendant has indicated in a Facebook post that he feels "wronged" by the government of Singapore and has repeatedly threatened to disseminate the information if his husband is not released from custody.  The notice of filing submitted by the MOH on Tuesday, February 19, 2019, also indicates that Farrera-Brochez distributed a list of the National Registration Identification Number/Foreign Identification Number of HIV patients who were scheduled for a check-up on March 28, 2018, in Singapore's Changi Prison Complex.  [Record No. 9]  Thus, while Farrera-Brochez has (allegedly) released confidential information, it is likely he will continue in this course of conduct if he is not enjoined.

Accordingly, the factor of whether the plaintiff will suffer an irreparable injury weighs in favor of the Court issuing a preliminary injunction.

### C. The MOH Has Shown Substantial Harm to Others Will Occur Unless an Injunction Is Entered.

Issuing an injunction in this case will not harm others.  Farrera-Brochez does not have a First Amendment right to disclose this information because that right does not protect unlawful disclosures of highly confidential patient information.  *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 420-21 (E.D.N.Y. 2007) (citing *Madsen v. Women's Health Ctr. Inc.*, 512 U.S. 753, 764-65 (1994)).  Moreover, it does not appear that he has a legally-protected right to possess the subject information.  He allegedly obtained it illegally from the

-8-

Government of Singapore.  And it does not appear that prohibiting disclosure would harm anyone.  The only entity that has an interest in the registry is the MOH, and would seem that no one would be entitled to compel the disclosure of it.  Because there is not a likelihood of substantial harm to others, this factor weighs in favor of issuing a preliminary injunction.

**D.  The Public Interest Favors Issuance of a Preliminary Injunction.**

Finally, the public interest will be served by the issuance of injunctive relief.  An injunction will prohibit the further distribution of highly confidential health information of parties who are not before the Court (i.e., citizens of Singapore as well as the United States).  Clearly, it is in the public's interest for this information to remain private.  *Magnusson*, 2005 WL 758454, at *8.

**IV.**

In summary, all factors favor injunctive relief at this point of the proceedings.  It is likely that MOH will succeed on the merits of its claims.  Next, the MOH as well as citizens of Singapore and the United States will suffer irreparable injury if a preliminary injunction is not issued.  Additionally, issuance of a preliminary injunction will not harm others or the defendant and the public interest will be served by the relief outlined herein. Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** as follows:

1.      The plaintiff's motion for a preliminary injunction [Record No. 2] is **GRANTED**.

2.      Defendant Mikhy K. Farrera-Brochez is **TEMPORARILY ENJOINED** from posting, disclosing, referencing, discussing, saving, uploading, or disseminating   any confidential, sensitive, or private information obtained from the Singapore Government

(including the Singapore Ministry of Health and the Singapore Prisons Service), and held by the defendant, either directly or indirectly, including but not limited to, the HIV Registry, the prisons list, files related to hospital services and to other infectious diseases, as well as other information such as emails, HIV studies and reports.

3.      Any agent, representative, companion, friend, or acquaintance of the defendant in possession of the confidential, sensitive, or private information obtained by the defendant from the Singapore Government (including the Singapore Ministry of Health and the Singapore Prisons Service), including but not limited to, the HIV Registry, the prisons list, files related to hospital services and to other infectious diseases, as well as other information such as emails, HIV studies and reports is hereby **TEMPORARILY ENJOINED** from posting, disclosing, referencing, discussing, saving, uploading, or disseminating such information.

4.      Defendant Mikhy K. Farrera-Brochez **IS DIRECTED TO IMMEDIATELY DELIVER** to the Singapore Ministry of Health or its designated representative all copies of any confidential, sensitive, or private information obtained from the Singapore Government (including the Singapore Ministry of Health and the Singapore Prisons Service) in his possession or control (whether in electronic or hard copy form), including any and all information related to or obtained from the HIV Registry, the Prisons List, files related to hospital services and to other infectious diseases, as well as other information such as emails, HIV studies and reports.   The return of these materials shall be done in such a way to preserve the confidentiality of the information contained therein.

5.      Defendant Mikhy K. Farrera-Brochez **IS DIRECTED TO PERMANENTLY DELETE** all confidential, sensitive, or private information obtained from the Singapore

Government (including the Singapore Ministry of Health and the Singapore Prisons Service) saved or uploaded to any computer, device, electronic storage media, online website, platform, database, or other location.  Farrera-Brochez IS **DIRECTED TO CERTIFY** to the Court that all such deletions have occurred, and he must make this certification no later than **FRIDAY, MARCH 29, 2019**.

6.      Defendant Mikhy K. Farrera-Brochez IS **DIRECTED TO REMOVE** all online posts and references, including on all social media platforms that refer to the presence or existence of any confidential, sensitive, or private information obtained from the Singapore Government (including the Singapore Ministry of Health and the Singapore Prisons Service), or any data leak in relation to such confidential information, and is **PROHIBITED** from making any further such posts or references.  Farrera-Brochez shall certify to the Court that all such removals have occurred, and he must make this certification no later than **FRIDAY, MARCH 29, 2019**.

7.      Any agent, representative, companion, friend, or acquaintance of the defendant in possession of the confidential, sensitive, or private information obtained by the defendant from the Singapore Government (including the Singapore Ministry of Health and the Singapore Prisons Service), and including the HIV Registry, the prisons list, files related to hospital services and to other infectious diseases, as well as other information such as emails, HIV studies and reports shall **DELETE** and **REMOVE** any and all confidential information in his/her/its possession or power, including copies saved or uploaded on any online website, platform, or other database.

8.      The Singapore Ministry of Health is **DIRECTED TO NOTIFY** the persons or entities who are believed to be in possession of the confidential, sensitive, or private

information obtained by the defendant from the Singapore Government (including the Singapore Ministry of Health and the Singapore Prisons Service), but who are not Farrera-Brochez's agents, representative, companions, friends, or acquaintances, of this Order, and to encourage them to delete, remove, or return to the Singapore Ministry of Health in strictest confidence, any and all confidential, sensitive, or private information in their possession or control, including copies saved or uploaded on any computer device, electronic storage media, online website, platform, or other database.

9.    The bond posed by the plaintiff shall remain in effect until the Court makes a final determination in this matter.  No other security is required at this time.

10.    This Preliminary Injunction shall remain in effect, subject to further orders.

11.    The Clerk of Court shall mail a copy of this Order to the defendant at the Fayette County Detention Center and to his CJA appointed attorney, John W. Oakley, whose contact information is listed in Lexington Criminal Action Nos. 5: 19-mj-05052-MAS and 5:19-mj-05041-MAS.

Dated:  March 4, 2019 at 11:45 a.m.

Signed By: 

*Danny C. Reeves*

**United States District Judge**