SINGAPORE MINISTRY OF HEALTH,

    Plaintiff,

v.

MIKHY K. FARRERA-BROCHEZ, a/k/a MIKHY A. BROCK, a/k/a MIKHY FARRERABROCHEZ, a/k/a MIKHY FARRERA BROCHEZ, a/k/a BROCHEZ MIKHY FERRARA, a/k/a FERRARA MIKHY, a/k/a MIKHY BROCH, a/k/a/ MIKHY K FARRERABROCHE, a/k/a BROCHE MIKHY FERRARA, a/k/a FERRARABROCHEZ MIKHY, a/k/a MIKHY BROCHEZ FARRERA, a/k/a MIKHY K BROCHE,

    Defendant.

No.: 5:19-cv-00051-DCR

## **MOTION FOR LEAVE OF COURT TO DEPOSE DEFENDANT WHILE IN PRISON**

The Singapore Ministry of Health ("MOH"), by and through counsel, hereby files this Motion for Leave of Court to depose Defendant Mikhy K. Farrera-Brochez ("Brochez") in prison pursuant to Fed. R. Civ. P. 30(a)(2)(B), and in support states as follows:

    1.    Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), a party must request leave of Court to take the deposition of a deponent who is confined in prison.

    2.    MOH filed a Verified Amended Complaint seeking, among other things, injunctive relief against Brochez related to his unauthorized possession and threatened disclosure of highly confidential and private information obtained from the Singapore Government, including MOH. This information is described in paragraph 20 of MOH's Verified Amended

Complaint (Dkt. 9-1) on file in this proceeding, and referred to here as the "Confidential Information."

3. On February 19, 2019, this Court entered a temporary restraining order preventing Brochez from disclosing the Confidential Information obtained from MOH. *See* Doc. No. 10. On February 22, 2019, the Court extended the temporary restraining order for a period of fourteen days, to March 8, 2019. *See* Doc. No. 19.

4. On March 4, 2019, this Court entered a preliminary injunction that, among other things, enjoined Brochez and his agents, representatives, companions, friends, and acquaintances from disclosing the Confidential Information, and directed Brochez to take steps to make sure that the Confidential Information was not subject to further disclosure and to certify to the Court that he had deleted and removed all the Confidential Information from sources available to him (the "Injunction Order"). *See* Doc. No. 24. This Court gave Brochez until March 29, 2019 to provide the certifications required by the Injunction Order.

5. On March 29, Mr. Brochez filed two documents: a "Notice of Filing" (Doc. 27) prepared by his criminal attorney, and an "Affidavit of Certification" ("Brochez Affidavit") (Doc. 27-1). The Brochez Affidavit: (1) acknowledges receipt of the Injunction Order and indicates that Mr. Brochez "understand[s] the restrictions and prohibitions" in it, Brochez Affidavit ¶ 2; (2) states that Mr. Brochez has been detained in the Fayette County Detention Center and therefore has not had access to or control over the information obtained from the Singapore Government, Brochez Affidavit ¶ 3; (3) certifies that to the best of Mr. Brochez's abilities or knowledge, "all information obtained from the Singapore Government has been, or will be, deleted" and "all online posts and references that pertain to the presence or existence of any such information obtained from the Singapore Government have been, or will be, removed,"

Brochez Affidavit ¶ 4; and (4) indicates that it is his understanding that the U.S. Attorney's Office will deliver the information to MOH or its designated representative, Brochez Affidavit ¶ 5.

6. While the Brochez Affidavit provides some level of compliance with the Injunction Order, MOH has a number of outstanding concerns given the Affidavit's content. In particular, MOH is concerned that the reference to the fact that the Confidential Information "will be" deleted in the future indicates that the Confidential Information has yet to be deleted, and Mr Brochez may regain access to or control of the Confidential Information after his release from federal custody (for example, if the Confidential Information continues to be stored in an online storage location).

7. The Brochez Affidavit also does not explain how the deletion, removal and return of the Confidential Information will be accomplished, and what steps Brochez personally will take to ensure the required deletion, removal and return of the Confidential Information (even if after his release from federal custody).

8. The Brochez Affidavit also does not account for all the Confidential Information that Brochez had access to or control over (for example, the locations where the Confidential Information was kept or maintained, and that the Confidential Information has been deleted and removed from those locations). Apart from that, there is also the threat that Brochez could seek to obtain the confidential and sensitive information in the future and thus a need for confirmation from Brochez on how he obtained the Confidential Information, so that MOH can prevent further unauthorized or unlawful access by Brochez.

9. MOH believes that a deposition of Brochez, providing testimony under oath, would help to further ensure that the confidentiality of the Confidential Information is

maintained. That testimony will provide greater assurance that the Confidential Information is protected from disclosure in the manner the Injunction Order intends. Therefore, MOH seeks to depose Brochez on, among other things, (i) how Brochez had obtained the Confidential Information from the Singapore Government, including, if applicable, the names and details of the individuals or entities from and through which Brochez had obtained the Confidential Information; (ii) where Brochez kept or maintained the Confidential Information; (iii) what steps he has taken or will take to return or permanently delete the Confidential Information; (iv) confirmation that he no longer has possession of or access to any of the Confidential Information, and will not seek to, or be able to, regain possession of or access to the Confidential Information even after release from federal custody.

10. By taking Brochez's deposition, MOH can best ensure that all of the Confidential Information has been returned or deleted, that no other unauthorized individuals or entities have the information or access to it, and that Brochez will not be able to access, obtain or disclose the Confidential Information upon his release from prison, just as the Injunction Order intends. For those same reasons, obtaining this testimony will help ensure that any permanent injunction entered by this Court can accomplish its intended effect.

11. Brochez is currently being held in custody at the Fayette County Detention Center, in Lexington, Kentucky. It is anticipated that Brochez will still be in federal when MOH moves for summary judgment and permanent injunctive relief.

12. MOH requests leave of court to take the deposition of Brochez on April 25, 2019, at 9:00 a.m.

13. The parties potentially needed to attend the deposition are as follows: (1) Defendant Mikhy K. Farrera-Brochez; (2) Adele Burt Brown, Brochez's criminal counsel;

and (3) Bryan H. Beauman or Joshua M. Salsburey for MOH, as well as a court reporter to be retained by MOH for purposes of the deposition.

MOH respectfully requests an order directing Brochez to appear and be examined, before any permanent injunction hearing in regards to the above-named action on April 25, 2019, at 9:00 a.m. in the Fayette County Detention Center, in Lexington, Kentucky.

Dated: April 15, 2019

Respectfully submitted,

STURGILL, TURNER, BARKER
& MOLONEY, PLLC

*s/ Joshua M. Salsburey*
Joshua M. Salsburey
Bryan H. Beauman
Derrick T. Wright
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No: (859) 255-8581
Facsimile: (859) 231-0851
jsalsburey@sturgillturner.com
bbeauman@sturgillturner.com
dwright@sturgillturner.com

And

James C. Martin
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
Telephone No: (412) 288-3546
Facsimile: (412) 288-3063
JCMartin@reedsmith.com

COUNSEL FOR SINGAPORE MINISTRY OF HEALTH

# CERTIFICATE OF SERVICE

I certify that on this 15th day of April, 2019, a copy of the foregoing was served on the following via United States mail, postage pre-paid, and Electronic Mail:

    Adele Burt Brown
    201 West Short Street, Suite 600
    Lexington, KY 40507
    *Attorney for defendant,*
    *Mikhy K. Farrera-Brochez*

    Mr. Mikhy K. Farrera-Brochez
    c/o Fayette County Detention Center
    Inmate I.D. No. 102001
    600 Old Frankfort Circle
    Lexington, KY 40510
    mbrochez@gmail.com

                                   *s/ Joshua M. Salsburey*
                                   COUNSEL FOR SINGAPORE MINISTRY OF HEALTH